UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>   )<br>      Plaintiff, )<br>v. )<br>   )<br>JERRY CURRY )<br>   )<br>      Defendant. ) | DOCKET NO. 4:15-CR-151-0<br>THE HONORABLE REED O'CONNOR |

**DEFENDANT'S MOTION FOR WITHDRAWAL OF GUILTY PLEA AND POINTS AND AUTHORITIES**

The Defendant, Jerry Curry, by and through, Attorney Henry J. Clark, Jr., respectfully moves that this Honorable Court permit the withdrawal of the previously entered guilty plea in the above-captioned matter. As grounds thereof, the defendant states as follows:

**INTRODUCTION**

The Defendant, Jerry Curry, (hereinafter referred to as Mr. Curry) now files this motion and memorandum, pursuant to Rule 11 of the Federal Rules of Criminal Procedure, moving that this Court permit the withdrawal of his previously entered guilty plea on July 22, 2015. On that date, Mr. Curry appeared before the court and entered a guilty plea to Count 1, Conspiracy to Possess with Intent to Distribute a Controlled Substance. The Court accepted the guilty plea and ordered a presentence investigation.

In this motion and memorandum, Mr. Curry, contends that there is a fair and just reason for this Court to exercise its discretion and permit him to withdraw his guilty plea before sentencing, now scheduled for November 16, 2015.

Mr. Curry contends that he was rushed into signing the Factual Resume and that he did not enter a knowing or voluntary guilty plea and that he is innocent of the charge.

## APPLICABLE FACTS

On June 15, 2015 Mr. Curry self-surrendered to the Texas Department of Public Safety (DPS). On June 16, 2015 Mr. Curry had an initial appearance hearing and on that date undersigned was appointed to represent Mr. Curry.

On June 19, 2015 Mr. Curry appeared with undersigned for a detention hearing and Mr. Curry was detained pending trial.

Mr. Curry and undersigned met to discuss the case, to review discovery, to go over potential guideline scores and options of how to proceed. After the last meeting on July 20, (Mr. Curry had two black eyes, broken nose, broken facial bones and 14 stitches during this meeting. Mr. Curry also indicates that one of the agents at the meeting said "he looked good with two black eyes and he was surprised it did not happen sooner") , which lasted over 4 hours, Mr. Curry was presented with the factual resume and he signed the factual resume. Mr. Curry contends that he was rushed and pressured into signing the factual resume.

On July 22, 2015 Mr. Curry appeared with undersigned before Magistrate Judge Cureton for rearraignment. Mr. Curry pled guilty to Count 1 of the one count indictment.

On September 10, 2015 or shortly thereafter, Mr. Curry received his copy of the PSR. After reviewing the PSR Mr. Curry contends that it was at that time that he realized that the case that the US Attorney had against him was based on lies of co-conspirators.

## APPLICABLE LAW

Prior to sentencing, the court may use its discretion to grant a motion to withdraw a guilty plea if the defendant presents a "fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B); *United States v. Lampazianie*, 251 F.3d 519, 524 (5th Cir. 2001). There is no absolute right to withdraw a guilty plea, and the defendant bears the burden of establishing a fair and just reason for withdrawal. *United States v. Brewster*, 137 F.3d 853, 857-58 (5th Cir. 1998). When ruling on the motion, the court should consider whether: (1) the defendant asserted his innocence; (2) withdrawal would prejudice the government; (3) the defendant delayed in filing the withdrawal motion; (4) withdrawal would inconvenience the court; (5) adequate assistance of counsel was available; (6) the plea was knowing and voluntary; and (7) withdrawal would waste judicial resources. *United States v. Mendoza-Mata*, 322 F.3d 829, 834 (5th Cir. 2003) (citing *United States v. Carr*, 740 F.2d 339, 343-44 (5th Cir. 1984)).

## THE DEFENDANT HAS ASSERTED HIS LEGAL INNOCENCE

Mr. Curry contends that he is innocent of all charges and that he is not guilty of Conspiracy to Possess with Intent to Distribute a Controlled Substance. Mr. Curry contends that he was just "friends" and/or "associates" with the co-conspirators and that he never distributed any controlled substances. Mr. Curry contends that he only plead guilty to count one because he was rushed and did not want to lose points for accepting responsibility.

## PREJUDICE TO THE GOVERNMENT

Mr. Curry contends that allowing him to withdraw his plea would not prejudice the Government. The Government is preparing for a trial with Co-conspirators at the filing of this motion. Therefore, it would not prejudice them to have to prepare for a trial with Mr. Curry.

## DELAY IN FILING THE WITHDRAWL MOTION

Mr. Curry contends that it was not until he read his PSR, submitted on September 10, and the statements included in this PSR, that he realized all the facts the Government was relying on was all lies. Therefore, there was only a short delay upon the filing of the motion to withdraw.

## ADEQUATE ASSISTANCE OF COUNSEL WAS AVAILABLE

Mr. Curry contends that adequate assistance of counsel was not available. Mr. Curry contends that undersigned did not have his interest at heart during the representation. Mr. Curry feels that he was not fully informed of everything when he made his decision to plea to count one. Mr. Curry had family members send letters to the Court indicating that he was not happy with the representation of undersigned and this Court did have a hearing on this matter. During that hearing it was determined that undersigned shall stay on as counsel.

## PLEA WAS KNOWING AND VOLUNTARY

Mr. Curry contends that his pleas was not knowing and voluntary because he did not have adequate assistance of counsel and that we was not aware of all the evidence/facts that the Government was going to use until after reading the PSR.

## INCONVENIENCE TO THE COURT AND WASTE JUDICIAL RESOURCES

The merit of this motion weighs heavily against any inconvenience to the Court for having to preside over a trial. As indicated above, co-conspirators are scheduled to go to trial on their cases and adding Mr. Curry would not waste judicial resources.

## CONCLUSION

Although there was a valid Rule 11 proceeding here, based on the above factors, Mr. Curry has shown a fair and just reason for requesting the withdrawal of his plea.

WHEREFORE, it is respectfully requested that this Honorable Court grant the Defendant's Motion for Withdrawal of Guilty plea.

Respectfully submitted,

**/S/ Henry J. Clark, Jr.**
Henry J. Clark, Jr.
Texas State bar no. 24085838
300 Throckmorton St. Suite 500
Fort Worth, TX 76102
Tel no. 817-832-7074
jmeesqtx@gmail.com

Approved/Read and agree to content

_____
Jerry Curry

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| v. | ) | DOCKET NO. 4:15-CR-151-0 |
| | ) | THE HONORABLE REED O'CONNOR |
| JERRY CURRY | ) | |
| | ) | |
| Defendant. | ) | |

## CERTIFICATES OF CONFERENCE

On September 25, 2015 Attorney Clark conferred with Assistant United States Attorney Shawn Smith who reported that he opposes this motion.

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing pleading was electronically filed with the clerk of the court for the U.S.District Court, Northern District of Texas, using the electronic filing system of the Court.

Shawn Smith , Assistant U.S. Attorney, at 801 Cherry Street #1700 Ft. Worth, TX 76102.

/S/ Henry J. Clark, Jr.
Henry J. Clark, Jr.
Texas State bar no. 24085838
300 Throckmorton St. Suite 500
Fort Worth, TX 76102
Tel no. 817-832-7074
jmeesqtx@gmail.com

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) DOCKET NO. 4:15-CR-151-0 |
| | ) THE HONORABLE REED O'CONNOR |
| JERRY CURRY | ) |
| | ) |
| Defendant. | ) |

## ORDER

**IT IS HEREBY ORDERED THAT** Defendant's motion for withdrawal of Guilty Plea shall be:

_____    **GRANTED**

_____    **DENIED**

_____    Set for oral argument on _____

**SO ORDERED**

_____
The Honorable Reed O'Connor        Date