TRULINCS 49711177 - CURRY, JERRY - Unit: FTW-J-A

FROM: 49711177
TO:
SUBJECT: paperwork
DATE: 09/24/2015 02:47:45 PM

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
OCT - 5 2015
CLERK, U.S. DISTRICT COURT
By_____
Deputy

## MOTION TO WITHDRAW GUILTY PLEA

I, Jerry Curry, am writing this motion to withdraw guilty plea provided by Fed. R. Crim. P. 32(d) which safeguards against the consequences of an improvident plea of guilty as follows: withdrawal of plea of guilty. A motion to withdraw a plea of guilty or of nolo contendere may be made only before sentence is imposed or imposition of sentence is suspended. The courts adhere none the cess to the general principle that Rule 32(d) should be construed liberally in favor of the accused when a motion is made to withdraw before sentence is imposed. The right of a jury trial hopefully is involved and that right has long held a favored place in the law. While guilty pleas are generally viewed as a waiver of non-jurisdictional defects, including the right to assert certain constitutional rights to be valid under the due process cause it must be an intentional relinquishment or abandonment of a known right or privilege. Courts must always be diligent to ascertain whether a plea of guilty was understandingly made and when it appears before sentencing that such a plea was entered by a defendant who did not understand the charges or acted as a result of misinformation or mistake, it is abuse of discretion not to permit the plea to be withdrawn. Withdrawal of plea of guilty in this motion may be made only before sentence is imposed under UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT 478 F.2d 163 1973 or imposition of sentence is suspended; but to correct manifest injustice the court after of conviction and permit the defendant to withdraw his plea, but also leaves to the sound discretion of the trial Judge the decision whether a defendant has met his burden of showing adequate cause {478 F.2d 167} for permitting withdrawal of the plea, as they have held in a number cases. United States v. Valdez, 5 Cir. 1971 450 F. 2d 1145; United States v. Arredondo, 5 Cir. 1971, 447 F. 2d 976; Kirsh Berger v. United States, 5 Circ. 1968, 392 F.2d 782. We have adhered none the less to the general principle that Rule 32(d) should be construed liberally in Favor of the accused when a motion is made to withdraw before sentence is imposed. The right of a jury trial may be involved and that right has long held a favored place in our law. While guilty pleas are generally viewed as a waiver of non-jurisdictionel defects, including the right to assert certain constitutional rights, "For this waiver to be valid under the Due Process Clause, it must be "an intentional relinquishment or abandonment of a known right or privilege. "Johnson v. Zerbst, 304 U.S. 458 464 58 S. CT. 1019, 82 L. Ed. 1461 (1938) "McCarthy v. United States, 1969, 394 U.S. 459 466, 89 S. CT. 1166, 22 L. Ed. 2d 418. In Deleon v. United States, 5 Cir. 1966 355 F. 2d 286, 289. The plea of guilty was entered because I was not given all the details and explained or understand the charges and acted in the result of this mistake and under pressure. If is an abuse of discretion not to permit my plea to be withdrawn.                                    Rule II, Fed. Rules of Criminal Procedure;

. A defendant may plead not guilty, guilty or, with the consent of the nolo contendere. The court may refuse to accept a plea of guilty, and shall not addressing the defendant personally and determining that the plea is made voluntarily with understanding of the nature of the charge and the consequences of the plea. The court shall not enter a judgment upon a plea of guilty, unless it is satisfied that there is a plea of guilty unless it is satisfied that there is a factual basis for the plea. As Amended Feb. 28, 1966 Eff. July 1, 1966. I would like the court to grant me this motion to withdraw my plea and give me a better understanding of the charges and the complete truth of what I am being accused of and a more detailed information without my attorney changing things every time I talk to him.

## AFFIRMATION;

I, declare under penalty of perjury under the laws of the Republic where I temporarily occupy but not maintain a "domicile" or "residence" and from with out the "United States" defined in 28 U.S.C. 1603(c) U.S.C. 7408(d) and 26 U.S.C. 7701(a) (a) and (10) that the facts exhibits and statements made in this and the attached pleading or motion are true, correct, and complete to the best of my knowledge and ability in accordance with 28 U.S.C. 1746(i).

Thank You,
Sincerely,
Jerry Curry
Federal Correctional Institution
P.O. Box 15330
Fort Worth, TEXAS,

## CERTIFICATE OF SERVICE

I, Jerry Curry, the undersigned mailer/server, being of sound mind, de hereby certify, attest, and affirm that the following fact are true and correct to wit;
(1). That on Sept. 28 2015 2045, I transmitted via carrier "USPS" to the Clerk FOR THE COURT FOR THE UNITED STATES DISTRICT OF TEXAS, FORT WORTH DIVISION, , to File the foregoing motion to withdraw my guilty plea and ask the clerk to forward a copy to the AUSA Eldon Mahon and Judge O'Connor

TRULINCS 49711177 - CURRY, JERRY - Unit: FTW-J-A

---

Thank You,
Sincerely,

Jerry Curry
Federal Correctional Institution
P.O. Box 15330
Fort Worth, TEXAS,

## CERTIFICATE OF SERVICE

I, Jerry Curry the undersigned mailer/server, being of sound mind, de hereby certify, attest, and affirm that the following fact are true and correct to wit;
(1). That on _Sept. 28_ ~~2045~~ 2015, I transmitted via carrier "USPS" to the Clerk FOR THE COURT FOR THE UNITED STATES DISTRICT OF TEXAS, FORT WORTH DIVISION, , to File the foregoing motion to withdraw my guilty plea and ask the clerk to forward a copy to the AUSA SHAWN SMITH and Judge THE HONORABLE REED C. O CONNOR and please send me a copy. (2). I, Jerry Curry personally mailed a total of 1 documents with a combined total of _2_ pages.

Thank You,

Jerry Curry #49711-177

Mailer/Server,

Federal Correctional Institution
P.O. Box 15330

Fort Worth, TEXAS,
I want this also documented that I sent a copy of this to my lawyerHENRY JAMES CLARK JR.and iF he does not file and record this with the Court, I, Jerry Curry will mail this to the Court or Courts to be filed on my own behalf.

Thank You,

John Curt 99711.177
Federal comment
POBox 15330
Fort Worth 76119

Joyce Reed O'Connor
501 West 10th Street
Room 201
Fort Worth TX 76102-3673

7610236405:

NORTH TEXAS TX PEDC
DALLAS TX 750
01 OCT 2015 PM 9 L

2015 OCT -5 PM 12:10
CLERK OF COURT
RECEIVED
U.S. DISTRICT COURT
NORTHERN DIST. TX
FORT WORTH

